**Electronically Filed
Intermediate Court of Appeals
30436
05-APR-2011
08:13 AM**

NO. 30436

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JARED K. MATSUNAMI, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAHIAWĀ DIVISION
(CASE NO. 1DTA-09-03979)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Jared K. Matsunami (Matsunami) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on January 21, 2010 in the District Court of the First Circuit, Wahiawā Division (District Court).[1]

Matsunami was convicted of Excessive Speeding, in violation of HRS § 291C-105(a)(1) and (a)(2) (2007 Repl.).

On appeal, Matsunami contends: (1) the District Court erred in admitting a speed check card because the State failed to establish the requisite foundation for admissibility of the speed check card, as required by State v. Fitzwater, 122 Hawai'i 354, 227 P.3d 520 (2010); (2) the District Court erred in concluding

_____

[1] The Honorable Russel Nagata presided.

that the State established sufficient foundation for the reliability of the speed check card; (3) absent the speed check card, there was insufficient evidence to convict him of Excessive Speeding; and (4) admission of the speed check card violated his right of confrontation.

The State concedes that there was insufficient foundation to admit the speed check card into evidence under Fitzwater, and, therefore, insufficient evidence to convict Matsunami of Excessive Speeding. However, the State argues that the case should be remanded to the District Court for entry of a judgment against Matsunami for violating HRS § 291C-102(a)(1) (2007 Repl.), a non-criminal traffic violation of speeding. The State points to Matsunami's testimony that he accelerated to seventy to seventy-five miles per hour.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Matsunami's points of error and the State's argument as to HRS § 291C-102(a)(1) (regular speeding) as follows:

(1) The State failed to establish how the speed check was performed, including whether it was performed in the manner specified by the manufacturer of the equipment used to perform the check and the identity and qualifications of the person performing the check. Fitzwater, 122 Hawaiʻi at 376-77, 227 P.3d at 542-43. Therefore, there was insufficient foundation to admit the speed check card into evidence. Without admission of the speed check card into evidence, there was insufficient evidence to convict Matsunami of Excessive Speeding. We therefore need not address Matsunami's claim that admission of the speed check card violated his right to confrontation.

(2) With regard to the State's assertion that we should remand to the District Court for entry of a judgment against

2

Matsunami for regular speeding under HRS § 291C-102(a)(1), we first consider whether the erroneous admission of the speed check card was harmless beyond a reasonable doubt as to the lesser included infraction of regular speeding. State v. Bullard, 124 Hawai'i 270, 241 P.3d 562 (App. 2010). In this case, the properly admitted evidence showed that the speed limit was fifty-five miles per hour and Matsunami testified that he accelerated to between seventy and seventy-five miles per hour. Therefore, admission of the speed check card was harmless beyond a reasonable doubt with respect to the lesser included regular speeding infraction, and there was sufficient evidence to establish that Matsunami was speeding. See Bullard, 124 Hawai'i at 278, 241 P.3d at 570; Fitzwater, 122 Hawai'i at 378, 227 P.3d at 544.

Therefore,

IT IS HEREBY ORDERED THAT the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on January 21, 2010 in the District Court of the First Circuit, Wahiawā Division, is vacated and the case is remanded with instructions to enter a judgment that Matsunami violated HRS § 291C-102(a)(1).

DATED: Honolulu, Hawai'i, April 5, 2011.

On the briefs:

Jacquelyn T. Esser
Deputy Public Defender
for Defendant-Appellant

Delanie D. Prescott-Tate
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

3